FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

15 JUN 22 PM 2:00

FORT MYERS DIVISION

CLERK...
MIDDLE DIST. OF FLORIDA
FT. MYERS, FLORIDA

BARBARA MCCOURTNEY-BATES,

Plaintiff,

vs.

Case No. _____

CHARLOTTE COUNTY SHERIFF WILLIAM G. PRUMMELL, and
WALTER F. BATES,

Defendants.

2:15-cv-370-FtM-99CM

_____/

## COMPLAINT; DEMAND FOR JURY TRIAL

Comes now Plaintiff, Barbara McCourtney-Bates, by and through undersigned Counsel,

and files this Complaint; Demand for Jury Trial:

### Count I.  Drivers Privacy Protection Act
### against Both Defendants

### 18 U.S.C. § 2721, et seq.

1.     Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331

and 1343, based on the federal civil rights violations alleged herein.

2.     Venue is proper in this Court because the violations alleged occurred within this

Court's GEOGRAPHICAL district.

3.     Plaintiff, Barbara McCourtney-Bates, is a WOMAN, A United States citizen,

AND a resident of Florida; and, has been a deputy with the St. Lucie Sheriff's Office.

4.     Defendant, Charlotte County Sheriff William G. Prummell, is being sued in his

official capacity only.  As such, the Sheriff (also referred herein as the "Sheriff's Office") is a

Florida constitutional officer subject to suit in this Court.

5.     At all times relevant to this lawsuit, Defendant, Walter F. Bates, was an employee

of the Sheriff's Office, and is being sued in his individual capacity.

6.     At all times relevant, Ms. McCourtney-Bates owned one or more motor vehicles

registered with the State of Florida Department of Safety and Motor Vehicles ("DHSMV"), and

haS held a Florida driver license issued by DHSMV. To obtain her drivers license and register

her motor vehicle with DHSMV, Ms. McCourtney-Bates was required to, and did, provide DHSMV with certain "personal information" as defined in 18 U.S.C. § 2725. DHSMV collected Ms. McCourtney-Bates's personal information through branch offices maintained by DHSMV.

7.     DHSMV entered Ms. McCourtney-Bates's personal information into the computer database of motor vehicle records maintained and administered by DHSMV, consisting of records pertaining to motor vehicle operators' permits, motor vehicle titles, motor vehicle registration, color photograph or image, Social Security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, emergency contacts and those contacts private and highly-restricted personal information. DHSMV and the Florida Department of Law Enforcement ("FDLE") made available Ms. McCourtney-Bates's personal information to law enforcement personnel throughout the State of Florida via the Driver and Vehicle Information Database ("DAVID") system.

8.     In 2002, Ms. McCourtney-Bates sued the St. Lucie County Sheriff's Office and two employees of the Sheriff's Office for tortious interference and defamation. The case went to trial in 2006, and an appeal and other proceedings in that case continued as late as 2012. From the time of filing the lawsuit, throughout the time of trial, and occasionally thereafter, the case received substantial publicity in the region's media.

9.     Ms. McCourtney-Bates knew that her unlisted telephone numbers and her home address were accessible to law enforcement officers in Florida through DAVID. Based on her perception of unusual and unwarranted police activity around her home and based on interference in her personal life by employees of the Sheriff's Office, Ms. McCourtney-Bates contacted DHSMV on or about 2013 to inquire as to whether law enforcement officers were viewing her private information. Thereafter, DHSMV provided Ms. McCourtney-Bates with DAVID reports of an employee of the Sheriff's Office accessing and obtaining her private and restricted information from the DAVID system.

10. The Sheriff (actually or constructively) knowingly allowed and facilitated at least one instance of accessing, obtaining, disclosing, and/or using Ms. McCourtney-Bates's personal information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA.

11. On at least one occasion, Defendant Walter F. Bates knowingly obtained, disclosed, and/or used Ms. McCourtney-Bates's personal information from a motor vehicle record on the DAVID system, for a purpose not permitted under the DPPA.

12. None of the accessing of Ms. McCourtney-Bates's personal DAVID information fell within the DPPA's permitted exceptions for procurement of her private information.

13. By the actions described above, Mr. Bates was acting within the course and scope of his employment when he obtained, disclosed or accessed Ms. McCourtney-Bates' personal information from the DAVID system for an unlawful purpose.

14. At no time did Ms. McCourtney-Bates provide her consent for the Sheriff or any of the Sheriff's employees to access, obtain, disclose, or use her private information for anything but legitimate law enforcement business.

15. Intentionally obtaining, disclosing or using drivers license information without an authorized purpose is a violation of DPPA. The statute provides for criminal fines and civil penalties. 18 U.S.C. §§ 2723, 2724. Also, the DPPA provides relief for violations of a person's protected interest in the privacy of her motor vehicle records and the identifying information therein.

16. Defendants have violated Ms. McCourtney-Bates's legally protected interest under the DPPA.

17. Mr. Bates willfully and recklessly disregarded the law, entitling Ms. McCourtney-Bates to punitive damages under the DPPA, see 18 U.S.C. § 2724(b)(2).

18. Under the DPPA, the Plaintiff is entitled to -- in addition to compensatory damages, punitive damages, costs, and attorney fees -- a baseline liquidated damages award of $2,500 for each violation of the DPPA. 18 U.S.C. § 2721(b)(1).

19.    As a result of Defendant's actions as alleged in this Count, Ms. McCourtney-Bates has been injured and has suffered damages, including pain and suffering, emotional distress and mental anguish, loss of capacity to enjoy life, and economic losses.

20.    Ms. McCourtney-Bates demands all relief that is just and equitable, including liquidated and other compensatory damages, punitive damages (against Mr. Bates only), and reasonable attorney fees and litigation costs pursuant to the DPPA.

21.    In the event of default by Mr. Bates, Ms. McCourtney-Bates demands $95,000.00 in liquidated damages from him.

### Count II. Unlawful Searches and Breaches of Privacy
### against Defendant Sheriff only

### 42 U.S.C. § 1983

22.    Ms. McCourtney-Bates realleges Paragraphs 1 through 16, and states additionally or alternatively:

23.    Ms. McCourtney-Bates has the right to be free from unreasonable searches under the DPPA and under the Fourth Amendment of the Constitution of the United States, as applied to the states by the Fourteenth Amendment.

24.    Ms. McCourtney-Bates has the right to privacy under the DPPA and under the Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States.

25.    The Sheriff's actions as alleged herein violated Ms. McCourtney-Bates's constitutional rights of privacy and to be free of unreasonable searches.

26.    In violation of 42 U.S.C. § 1983, the Sheriff's violations of Ms. McCourtney-Bates's constitutional and other federal rights were committed under color of state law.

27.    The Sheriff's violation of Ms. McCourtney-Bates's rights is due to the Sheriff's policy or custom of allowing its employees to invade the privacy of, and/or conduct unreasonable searches against, people in whom the employees have an unofficial interest, including to unlawfully obtain, disclose, and/or use personal information from DAVID.

28.     Additionally or alternatively, the Sheriff is negligent in training and/or supervising Mr. Bates who participated in the violation of Ms. McCourtney-Bates's right to be free from unreasonable searches and invasions of privacy because the Sheriff failed to adequately train and/or supervise Mr. Bates to handle recurring situations presenting an obvious potential for such violation.

29.     In light of the duties of protecting citizens against denial of the right to be free from unreasonable searches and invasions of privacy, the need for more or different training and/or supervision is and has been so obvious that the Sheriff is deliberately indifferent to the need for such training.

30.     As a direct and proximate result of the Sheriff's violation of Ms. McCourtney-Bates's rights as described in this Count, she has been injured and has suffered damages, including pain and suffering, mental anguish and emotional distress, economic damages, and loss of capacity to enjoy life.

31.     Ms. McCourtney-Bates demands all relief that is just and equitable from the Sheriff, including compensatory damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

### Count III.  Unlawful Searches and Breaches of Privacy
### against Mr. Bates only

### 42 U.S.C. § 1983

32.     Ms. McCourtney-Bates realleges Paragraphs 1 through 16, and states additionally or alternatively:

33.     Ms. McCourtney-Bates has the right to be free from unreasonable searches under the DPPA and under the Fourth Amendment of the Constitution of the United States, as applied to the states by the Fourteenth Amendment.

34.     Ms. McCourtney-Bates has the right to privacy under the DPPA and under the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States.

35.     The actions of Mr. Bates as alleged herein violated Ms. McCourtney-Bates's constitutional rights of privacy and to be free of unreasonable searches.

36. In violation of 42 U.S.C. § 1983, the violations of Ms. McCourtney-Bates's constitutional and other federal rights by Mr. Bates were committed under color of state law.

37. The violations of Ms. McCourtney-Bates's constitutional and other federal rights by Mr. Bates were committed intentionally, maliciously, and in callous disregard of her federally protected rights.

38. As a direct and proximate result of the violations of Ms. McCourtney-Bates's rights by Mr. Bates as described in this Count, she has been injured and has suffered damages, including pain and suffering, mental anguish and emotional distress, economic damages, and loss of capacity to enjoy life.

39. Ms. McCourtney-Bates demands all relief that is just and equitable from Mr. Bates, including compensatory and punitive damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

### Count IV.  Common Law Invasion of Privacy against Mr. Bates only

40. Ms. McCourtney-Bates realleges Paragraphs 1 through 16; and, states additionally or alternatively:

41. this Court has supplemental jurisdiction of the subject matter of this claim by virtue of 28 U.S.C. § 1367, as to all claims arising under the laws and Constitution of the State of Florida that are so related to the claims of which this Court has original jurisdiction and which form part of the same case or controversy.

42. Mr. Bates invaded Ms. McCourtney-Bates's privacy by accessing her private information on the DAVID system without a lawful purpose and without her knowledge or consent.

43. Mr. Bates's accessing of Ms. McCourtney-Bates's private information are intrusions that reasonable people -- including Ms. McCourtney-Bates -- would find offensive.

44. The invasions of privacy and other unlawful acts against Ms. McCourtney-Bates by Mr. Bates were committed within the course and scope of his duties as agent and employee of The Sheriff.

45.    As a direct and proximate result of Mr. Bates's violations of Ms. McCourtney-Bates's rights as described in this Count, she has been injured and has suffered damages, including pain and suffering, mental anguish and emotional distress, economic damages, and loss of capacity to enjoy life.

46.    Ms. McCourtney-Bates demands all relief that is just and equitable, including compensatory damages, punitive damages, and costs.

## Demand for Jury Trial

Ms. McCourtney-Bates demands trial by jury on all issues so triable.

Respectfully submitted by:

s/ Mark E. Tietig

Mark E. Tietig, Trial Counsel
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-6960
mt@tietig.com
Attorney for Plaintiff