UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA MCCOURTNEY-BATES,

    Plaintiff,

v.                                     Case No: 2:15-cv-370-SPC-CM

WALTER F. BATES and WILLIAM G.
PRUMMELL,

    Defendants.
_____/

## AMENDED[1] ORDER[2]

This matter comes before the Court on Defendant William G. Prummell's Amended Motion for Summary Judgment (Doc. #34) filed on April 13, 2016. Plaintiff Barbara McCourtney-Bates filed a Response in Opposition (Doc. #40) on May 2, 2016. Thereafter, the Court allowed Defendant William G. Prummell to file a Reply (Doc. #43) and Plaintiff Barbara McCourtney-Bates to file a Surreply (Doc. #45). The matter is ripe for review.

### Undisputed Material Facts

In 2002, Plaintiff sued the St. Lucie County Sherriff's Office and two of its employees for tortious interference and defamation. The case received significant

---

[1] This Amended Order supersedes the Court's Order (Doc. #51) dated June 30, 2016. The only change from the previous Order is the removal of language relating to Defendant Walter F. Bates found in footnote 3 of the June 30, 2016 Order. (Doc. #51 at 4). There are no substantive changes from the previous Order.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

publicity in the local news and continued on for quite some time, eventually resolving on appeal in 2012. Around that time, Plaintiff began to notice increased police activity around her home, despite the fact that her address and phone number were unlisted. Interested to see if employees of the St. Lucie County Sherriff's Office were improperly accessing her personal information through the Florida Driver and Vehicle Information Database system ("DAVID"), Plaintiff requested an inquiry as to who was accessing her information through DAVID and when that access occurred.

To her surprise, Plaintiff discovered several employees of the St. Lucie County Sheriff's improperly accessed her information. More interestingly, they were not alone. Plaintiff also discovered that Defendant Walter F. Bates, a Charlotte County Sherriff's Deputy at the time, improperly accessed her DAVID information in 2008. Armed with this information, Plaintiff instituted this action against Defendant Bates and Defendant Prummell, in his official capacity as Charlotte County Sherriff, alleging a violation of the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, (Count 1) and a violation of 42 U.S.C. § 1983 for unlawful search and breach of privacy (Count 2).

**Legal Standard**

An award of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To that end, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such a dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In determining whether summary judgment is appropriate, the Court evaluates the evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).  All evidence, and factual inferences reasonable drawn from that evidence, must be viewed in the light most favorable to the nonmoving party.  *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citations omitted).  And all reasonable doubts about the facts must be resolved in favor of the non-movant too.  *Id.*  For it is not the Court's task to "weigh the evidence and determine the truth of the matter," but rather to "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## Discussion

Defendant Prummell argues Plaintiff's claims are barred by the applicable statute of limitations, and therefore summary judgment in his favor is appropriate.  According to Defendant Prummell, the applicable statute of limitations for Plaintiff's claims is four years from when the violation occurred.  And the only alleged violation at issue took place in 2008, requiring Plaintiff to initiate this action by 2012.  But Plaintiff missed this deadline and waited until 2015 to assert her claims, rendering these claims time-barred.  Plaintiff disagrees.  She argues that the statute of limitations period did not begin until the violation was discovered in 2012.  Therefore, Plaintiffs believes her claims were timely asserted.

The Eleventh Circuit recently addressed this exact issue.  *See Foudy v. Miami-Dade Cnty., Fla.*, --- F.3d ----, 2016 WL 2909140, at *1 (11th Cir. May 19, 2016).  In *Foudy*, the Eleventh Circuit held that a DPPA claim enjoys a four-year statute of limitations and that the claim accrues when the violation occurs.  *See id.* at *2-3.  The court also explicitly

rejected the argument that the claim accrues when it is first discovered. *See id.* at *3. Turning to this action, the Court finds Plaintiff's DPPA claim is time-barred. The undisputed material facts show that the only alleged violation took place in 2008. (Doc. #34-1 at 6). To meet the statute of limitations for this claim, then, Plaintiff had to assert her claim no later than 2012. But Plaintiff failed to meet this deadline, thereby rendering her DPPA claim time-barred. (Doc. #1). Consequently, the Court finds that Plaintiff's DPPA claim (Count 1) must be dismissed with prejudice.

Plaintiff's § 1983 claim does not fare any better. While the statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts, the Supreme Court has suggested that a § 1983 claim based on a violation of a federal statute enacted after December 1, 1990 enjoys the same four-year statute of limitations as the federal statute.[3] *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5 (2005). Applying this reasoning to the DPPA context, our sister district has held that § 1983 claims based solely on a violation of the DPPA are governed by a four-year statute of limitations. *See Foudy v. City of Port St. Lucie,* No. 2:14-cv-14318, 2015 WL 5245223, at *2 (S.D. Fla. Sep. 9, 2015). The Court agrees. Therefore, because Plaintiff failed to bring her § 1983 claim within four years of when it accrued, the Court finds Plaintiff's § 1983 claim (Count 2) must be dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

---

[3] Nearly all claims based on a federal statute enjoy a four-year statute of limitations. *See* 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.").

1. Defendant William G. Prummell's Amended Motion for Summary Judgment (Doc. #34) is **GRANTED**.

2. Plaintiff's claims for a violation of the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, (Count 1) and for a violation of 42 U.S.C. § 1983 for unlawful search and breach of privacy (Count 2) are **DISMISSED with prejudice** as to Defendant William G. Prummell.

3. The Clerk is directed to enter judgment in favor of Defendant William G. Prummell accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida, this 1st day of July, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record